**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SUNZ INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No.: 8:26-cv-564-JLB-AAS**

**NEXT LEVEL ADMINISTRATORS, et al.,**

**Defendants.**
______________________________________/

**ORDER**

Defendants Next Level Administrators, LLC (Next Level Administrators) and Acrisure Claims Services, LLC (Acrisure) move for a stay of discovery until the court resolves Next Level Administrator's pending Motion to Dismiss (Doc. 24). (Doc. 46). Plaintiff SUNZ Insurance Co. (SUNZ) opposes the motion. (Doc. 50).

## I. STANDARD

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886, at * 2 (M.D. Fla. Aug. 14, 2014).

"Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012).[1] Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

In deciding a defendants' request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014). In addition, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate

[1] "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery (2021) § I.E.4.

or mandatory." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

## II. ANALYSIS

A preliminary review of the defendant's motion to dismiss reveals it does not meet the extraordinarily stringent "clearly meritorious" standard. After balancing the harm created by a discovery delay against the possibility the defendants' motion to dismiss will be granted, the court concludes the balance tips in favor of requiring discovery to go forward.

The primary basis for the motion to dismiss is that SUNZ failed to mediate its claims before initiating this suit pursuant to the agreement between the parties. (Doc. 24, pp. 11−16). SUNZ explains the defendants' primary argument is moot because the parties mediated their claims on July 21, 2026. (Doc. 50, p. 7). Without otherwise commenting on the merits of the motion to dismiss, the remaining arguments in the motion to dismiss are not "clearly meritorious." *See United States v. Space Coast Med. Associates, L.L.P.*, No. 613CV1068ORL22TBS, 2014 WL 12616951 at *2 (M.D. Fla. Dec. 3, 2014) (denying the motion to stay because "the Court is not convinced of 'an immediate and clear possibility' that the motion to dismiss will significantly narrow the issues or dispose of Plaintiffs' entire second amended complaint.");

*United States v. Physician Surgical Network, Inc.*, No. 6:20-CV-1582-WWB-EJK, 2022 WL 6163122 at *2 (M.D. Fla. Oct. 7, 2022) (denying the motion to stay where based on a "'preliminary peak' the Court cannot say that Defendant's Motion to Dismiss is 'likely meritorious.'").

The balance of interests also weighs against a stay because the defendants' discovery objections have essentially created a unilateral discovery stay, which may create case management problems. *See* (Doc. 50, p. 9). SUNZ claims the defendants' actions "unilaterally shortened the discovery period by over three months." (*Id.*). Indeed, courts have held a discovery stay "may needlessly lengthen the litigation . . . [and] may also create case management problems." *United States v. Infilaw Corp.*, No. 6:16-cv-970-ORL-37TBS, 2018 WL 889024 at *4 (M.D. Fla. Feb. 14, 2018).

## III. CONCLUSION

Accordingly, the defendants' motion to stay discovery pending resolution of the defendants' motion to dismiss (Doc. 46) is **DENIED**.

**ORDERED** in Tampa, Florida on August 4, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge